Order modified, in accordance with the opinion of BOCKES, J.

WILLARD E. CHASE, RESPONDENT, *v.* EDWARD D. JAMES, APPELLANT.

*Fees of referee — extra compensation — how agreement therefor must be made.*

To authorize a referee to charge more than $3 per day for his services, there must be a written agreement fixing the exact rate of compensation, which must be signed by the parties or their attorneys before the referee commences to act.

An entry by the referee in his minutes, with the consent of the parties, to the effect that it was " agreed that referee may charge the fair value of services," will not authorize any charge in excess of the statutory fees.

APPEAL from an order made at a Special Term, denying a motion for a readjustment of the costs taxed in this action. The item complained of was the charge for the fees of the referee. The

referee was engaged in the business of the reference some fourteen days. His charge was $100.

*E. H. Benn*, for the appellant.

*John C. Hulbert*, for the respondent.

Learned, P. J.:

The referee has been allowed over $3 per day for his services. There was no written agreement to that effect. The referee entered on his minutes a memorandum, as follows: "Agreed that referee may charge the fair value of services." He testifies that, according to his recollection, it was agreed, during the trial and in open court, in substance, that he should charge the fair value. The plaintiff's attorney testifies to the same fact. The defendant (attorney in person) denies that there was any such stipulation.

We do not intend to depreciate the value of the referee's services; but the question presented is one of general importance, out of which serious evils have arisen. It is really unjust that the unsuccessful party should have to pay the fees of the referee, who acts as the court. It is like making the defeated party pay the salaries of the judges. But this evil will probably continue as long as courts are over-crowded. Still, we must see that no more is allowed than the statute or an agreement permits.

The statute fixes the fees at $3 per day, but permits the parties to "agree in writing upon any other rate of compensation." (Code, 313.) We think the view is erroneous which has allowed an entry in the referee's minutes to take the place of a written agreement. (*Thurman* v. *Fiske*, 30 How., 397.) It is true, as was held in *Keator* v. *Ulster & D. Pl. Rd. Co.* (7 How., 41), that an agreement to refer in open court is sufficient. But that is a step in the progress of the trial, entered in the records of the court, and therefore binding on the parties. The referee's minutes are not records of a court. The agreement for his compensation is a mere matter of private bargain between the two parties and the referee. It is not simply a part of the trial minuted down by the referee. But it is a contract to which he is the interested party. We think that the language of the statute

means that there shall be an agreement signed by the parties or their attorneys.

Furthermore, an agreement to pay the fair value of services amounts to nothing. The law has said that the fair value is $3 per day. If not, who is to judge? The referee? He is the interested party. The clerk? He is but a taxing officer. Is he to take proof of the value? We think that no force can be given to an agreement of this kind. The Code speaks of a "rate of compensation." That means a fixed sum, which shall leave the business of taxation a matter of computation only.

And again, such agreements as to compensation ought always to be made before the referee has accepted his office. When made during the progress of the trial, they are of doubtful propriety. After the referee has commenced to act, if either party proposes that the referee shall have a greater sum than the statute prescribes, the other cannot refuse. He is justly afraid that such refusal may prejudice the referee against him. On the other hand, a party sometimes thinks it is a wise measure to be the first to propose, in the referee's presence, that his compensation shall be some liberal sum. These motives have tended to make attorneys agree on large compensation, each hoping that the burden would fall on the opposing party. If, then, more than the statutory fees are to be allowed, a written agreement fixing the exact fees agreed upon should be made and signed before the referee commences to act. If he is not satisfied with the statutory rate or the rate agreed upon, he can decline to serve.

Nothing in these remarks is intended to imply that referees ought not to be paid more than the statutory fees. To many persons these fees would be an insufficient compensation.

The order appealed from must be reversed, and the excess over $3 per day should be disallowed, without costs of the appeal to either party.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed. Excess of referee's fees over $3 per diem to be deducted. No costs of appeal.